﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/19 Archive Date: 04/29/19

DOCKET NO. 190218-1921
DATE: April 30, 2019

REMANDED

Entitlement to service connection for headaches, to include as secondary to service-connected left eye orbital contusion with residual field contraction and diplopia, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1970 to January 1974. 

In a July 2017 rating decision, the Department of Veterans Affairs (VA) Regional Office (RO) denied service connection for headaches. In October 2017, the Veteran submitted a notice of disagreement with the RO’s determination. 

In August 2018, the Veteran elected to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program and selected the Higher-Level Review lane. Accordingly, in a December 2018 rating decision, the RO considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the RO.

1. Entitlement to service connection for headaches, to include as secondary to service-connected left eye orbital contusion with residual field contraction and diplopia, is remanded.

In this case, VA’s duty to assist in the development of the claim on appeal has not been satisfied. Therefore, a remand is necessary for the following further development.

The Veteran asserts entitlement to service connection for headaches, which he contends were incurred due to a left eye injury suffered during his active duty service. See the Veteran’s statement dated February 2017. To this end, the Board notes that the Veteran is service-connected for left eye orbital contusion with residual field contraction and diplopia. See the rating decision dated July 2017.

The Veteran’s October 1973 service separation examination documented his report of ‘eye trouble’ referring to “getting headaches when reading a lot”. Similarly, an October 1973 report of medical history noted that the Veteran gets “headaches after reading a lot.” An STR dated in November 1973 indicated that the Veteran was involved in a fist fight the night before and suffered from persistent temporal headaches and some dizziness. He was diagnosed with probable blow-out fracture left intra orbit.

The Veteran was afforded a VA examination in June 2017 at which time the examiner diagnosed him with atypical head pain with muscle tension features. The examiner stated that the Veteran suffered a significant left eye injury during his military service. The examiner reported, “[t]here was concern upon initial evaluation for an orbital fracture. However, I do not find any reports for skull or orbit films and the final hospital discharge summary does not confirm any orbit fracture.” The examiner then noted that current orbit films are negative for orbit fracture. The examiner continued, “Veteran states that he started having headaches about 6 to 7 years ago when he would move his eyes to the left, on some occasions. This is 30 plus years after the original injury. He has not received any medical care for the headaches.” The examiner then concluded, “[t]herefore, it is less likely as not that the Veteran’s headaches proximately due to or the result of left eye orbital fracture because there was no documentation of any left eye orbital fracture. The current headaches are related to movement of the eyes and consistent with atypical headache with muscle tension component.”

Notably, the June 2017 VA examiner failed to address whether the Veteran’s headaches are aggravated by his service-connected left eye orbital contusion with residual field contraction and diplopia. The examiner also failed to address the question of direct service connection. As noted above, the Veteran complained of headaches at the time of his October 1973 separation examination.

Moreover, the Veteran submitted an October 2017 statement in which he disagreed with the findings of the June 2017 VA examiner. In particular, the Veteran indicated he told the examiner that his headaches, which existed from service, had worsened in the last 6 or 7 years; in contrast to the examiner’s characterization that the headaches started in the last 6 or 7 years.

In support of his claim, the Veteran submitted a September 2017 letter from Dr. C.T., who noted the Veteran’s complaint of pain and double vision in the left eye causing headaches. Dr. C.T. stated, “I believe that when he was injured in a fight in 1973 he suffered a sixth nerve palsy along with small fracture of left orbit. That largely improved, however, did not completely improve. As a result, when he has left lateral gaze, he has double vision.” Dr. C.T. indicated that “it is possible that if [the Veteran] engages in activities that require extremely left lateral gaze such as playing golf repeatedly it is certainly possible for that to cause asthenopia or headaches just from the double vision that is repeatedly occurring.” However, Dr. C.T. then stated that he encouraged the Veteran “to see a neurologist to make sure that he does not have headaches from something more urgent such as a brain tumor.”

Significantly, Dr. C.T. did not render an opinion as to the etiology of the Veteran’s headaches. Although Dr. C.T. noted that the Veteran’s headaches were possibly caused by his double vision, he also suggested that the Veteran be evaluated to make sure there was no more urgent cause of his headaches, such as a brain tumor.

Thus, the evidence currently of record is inadequate to resolve the claim of service connection for headaches. Remand of this matter for a new VA opinion is therefore warranted in order to address outstanding questions of nexus and aggravation. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c)(4); see also Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (once VA undertakes the effort to provide an examination when developing a service connection claim, even if not statutorily obligated to do so, it must provide one that is adequate for purposes of the determination being made).

The matter is REMANDED for the following action:

1. Refer the VA claims file to a medical professional with appropriate expertise to provide an opinion as to the claimed headache disability. The examiner is requested to review the claims file in its entirety including all service treatment records, VA, and private treatment records. The examiner should then address the following:

(a) With respect to the diagnosed headaches, is it at least as likely as not that the identified disability was incurred in the Veteran’s active duty service, or manifested within a year of his active duty discharge?

(b) Is it at least as likely as not that the diagnosed headaches were caused by the service-connected left eye orbital contusion with residual field contraction and diplopia?

(c) Is it at least as likely as not that the Veteran’s diagnosed headaches are aggravated (made worse as shown by comparing the current disability to medical evidence created prior to any aggravation) by service-connected left eye orbital contusion with residual field contraction and diplopia?

If the Veteran’s diagnosed headaches are aggravated by a service-connected disability, the examiner should also indicate the extent of such aggravation by identifying the baseline level of disability. This may be ascertained by the medical evidence of record and also by the Veteran’s statements as to the nature, severity, and frequency of his observable symptoms over time.

In providing the requested opinions, the examiner should comment on the relevant evidence of record, to include the September 2017 letter from Dr. C.T.

Should the examiner decide that a physical examination of the Veteran is required to address these questions, such should be scheduled.

In addressing the above, the examiner must consider and discuss the pertinent medical, periodical, and other objective in- and post-service evidence, and all lay assertions.

The examiner is also advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions. If the Veteran’s assertions in any regard are discounted, the examiner should clearly so state and explain why.

(Continued on the next page)

 

All examination findings/testing results (if any), along with complete, clearly-stated rationale for the conclusions reached, must be provided.

 

K. Conner

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. K. Buckley, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.